UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CUONG TAN HUYNH** | : | **DOCKET NO. 19-cv-01516** |
| **REG. # 09633-003** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **RODNEY MYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Cuong Tan Huynh (Huynh) who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

On March 5, 2007, Huynh entered a plea of guilty in the United States District Court for the Southern District of Alabama on one count of conspiracy to possess with intent to distribute methamphetamine, a violation of 21 U.S.C. §§ 846, and one using and carrying a firearm in connection with a drug trafficking felony, a violation of 18 U.S.C. § 924(c)(1). *United States v. Huynh*, No. 1:05-cr-0299-001 (S.D. Ala.); Doc. 95. On June 29, 2007, he was sentenced to a term of 248 months. *Id*. at doc. 140.

Represented by new counsel, Huynh appealed his conviction. *Id*. at doc. 137. Due "to a valid appeal waiver contained in [Petitioner's] plea agreement," the Eleventh Circuit Court of

-1-

Appeals dismissed the appeal. *Id*. at doc. 175. The U.S. Supreme Court denied Huynh's petition for certiorari. *Id*. at doc. 178.

Huynh filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on September 1, 2010, in which he raised the following claims: (1) His plea was unknowing and involuntary; (2) his trial attorney rendered ineffective assistance; and (3) he should be provided an evidentiary hearing. *Id*. at docs. 181-82, 187. His motion was denied on the merits. *Id*. at doc. 193.

Huynh now brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to relief under § 2255's savings clause based on the Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019).

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Huynh alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was

foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Huynh relies on *Davis*, *supra*, in which the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, *Davis* is of no moment here since Huynh was not sentenced under Section 924(c)'s residual clause. Rather, he pled guilty under 18 U.S.C. § 924(c)(1) to possessing a firearm in connection with a drug trafficking crime, rather than to using and carrying a firearm during a crime of violence. As such, the definition of "crime of violence" in the residual clause of Section 924(c)(3)(B) was and is not at issue in his case. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) (finding convictions for drug trafficking crimes do not implicate the definition of crime of violence and, thus, "qualify as predicate offenses for the purposes of § 924(c)'s enhanced penalty"). Accordingly, Huynh's claim based on *Davis* are frivolous, as *Davis* is not relevant to the sentence imposed in his case.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITH PREJUDICE**, as lacking merit.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 22nd day of January, 2020.

                                  _____
                                      KATHLEEN KAY
                                UNITED STATES MAGISTRATE JUDGE